

EXHIBIT B

WORCESTER SUPERIOR COURT

Worcester, ss                                    Civil Action No.

DAWN PARKS,
      Plaintiff

v.

TOWN OF LEICESTER, CITY OF WORCESTER,
SERGEANT JOSEPH FONTAINE, INDIVIDUALLY
OFFICER JOHN DOE, INDIVIDUALLY
      Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties

1. Plaintiff Dawn Parks (hereinafter "Plaintiff") is an individual who resides at 22 Daley Street, Apt. 1, Leominster, Massachusetts 01453.

2. Defendant Town of Leicester, Massachusetts, is a municipality within the County of Worcester, Commonwealth of Massachusetts.

3. Defendant City of Worcester is a municipality within the County of Worcester, Commonwealth of Massachusetts.

4. Defendant Sergeant Joseph Fontaine (hereinafter "Sergeant Fontaine") is upon information and belief, a police officer employed by the Town of Leicester, Massachusetts, acting under color of law at all times relevant to this Complaint, and is sued in his individual and official capacities.

5. Defendant, John Doe, name unknown at this time, Officer of the City of Worcester Police Department is upon information and belief, a police officer employed by the City of Worcester, Massachusetts acting under color of law at all times relevant to this Complaint, and is sued in his individual and official capacities.

## Facts

6. In 1991 Plaintiff married a man with the last name Spencer and took the name Dawn Spencer.

7. At that approximate time the Plaintiff was charged with criminal offenses which caused a Bureau of Probation record to be established under the name Dawn Spencer a/k/a Dawn Marie Johnson and a/k/a Dawn Martin. Dawn Marie Johnson is the Plaintiff's maiden name.

8. In 1994 the Plaintiff divorced Spencer.

9. In approximately 1994 Plaintiff married Whitmire. Plaintiff never resumed the name of Dawn Spencer following her marriage to Whitmire.

10. Plaintiff divorced Whitmire in 1998 and married Parks in 1998-1999.

11. On June 25, 2007 a man and woman assaulted and robbed an elderly man in Leicester, Massachusetts.

12. The Leicester Police, Sergeant Fontaine and Officer Daniel Dyson investigated and the elderly man identified the woman assailant as his niece, Dawn Spencer.

13. The Leicester Police Department obtained no other information as to the identity of the woman assailant.

14. The Leicester Police Department, using nothing other than a name to investigate, searched the Bureau of Probation records and discovered the record for "Dawn Spencer", dob: ███1967, Massachusetts License No. ███████

15. On July 3, 2007 based on the above information, Sergeant Fontaine requested and obtained a criminal complaint against Dawn M. Spencer.

16. On July 5, 2007 the police obtained an arrest warrant for Dawn M. Spencer a/k/a Dawn M. Johnson, Worcester Mass. 01607, street address was listed as unknown.

17. On June 4, 2008 the Plaintiff resided at 200 Vernon Street, Apt. 504W, Worcester, Massachusetts.

18. On that date, while Plaintiff was asleep, officers from the Worcester Police Department, specifically Officer John Doe entered Plaintiff's apartment and placed her under arrest.

19. The Worcester police officers told Plaintiff they had an arrest warrant for Dawn Spencer. The Plaintiff explained that she had not been Dawn Spencer in 13+ years and her name is Dawn Parks.
20. Despite this explanation, Plaintiff was taken to the Worcester Police Department where she was finger printed and booked. She was not allowed to make a phone call.
21. Plaintiff was then taken to the Worcester Central District Court where the Court set cash bail at $1,000 or security bail at $10,000.
22. Again, Plaintiff explained that she was not the Dawn Spencer for whom the warrant had issued.
23. Plaintiff was not able to post bail and was then transported to MCI Framingham where she stayed overnight in a cell. She was still not allowed to make a phone call.
24. The next day Plaintiff was transferred to the East Brookfield District Court where she was arraigned and released on personal recognizance.
25. Not having transportation the Plaintiff was forced to walk home to her apartment in Worcester, a distance of approximately 9 miles.
26. As a result Plaintiff obtained medical attention and was diagnosed as dehydrated.
27. As a result of an investigation by Plaintiff's criminal defense attorney, it was discovered that the identity of the alleged woman assailant was Dawn Lemelin, DOB ▓▓/1973.
28. The above information was brought to the attention of the Court and the Court dismissed the charges against the Plaintiff.
29. Due to the incidents stated above, Plaintiff has incurred emotional injuries for which she has received psychiatric treatment and continues to do so.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983
### (PLAINTIFF DAWN PARKS V. DEFENDANT SERGEANT FONTAINE, INDIVIDUALLY)

30. Plaintiff realleges Paragraphs 1-29 above and incorporates said Paragraphs herein by this reference.

31. Defendant, Sergeant Fontaine, acting under color of law deprived the Plaintiff of her rights under the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C §1983.

32. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT II
## VIOLATION OF 42 U.S.C. §1983
### (PLAINTIFF DAWN PARKS V. DEFENDANT, OFFICER JOHN DOE, INDIVIDUALLY)

33. Plaintiff realleges Paragraphs 1-32 above and incorporates said Paragraphs herein by this reference.

34. Defendant, Officer John Doe, acting under color of law deprived the Plaintiff of her rights under the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C §1983.

35. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983
### (PLAINTIFF DAWN PARKS V. DEFENDANT TOWN OF LEICESTER)

36. Plaintiff realleges Paragraphs 1-35 above and incorporates said Paragraphs herein by this reference.

37. In violation of 42 U.S.C. §1983, Defendant Town of Leicester, through its acts and omissions, showed a deliberate indifference to Plaintiff's constitutional rights and caused Plaintiff to suffer a deprivation of her constitutional rights by:

   a. Failing to take advantage of easily available measures to ensure their officers did not engage in constitutional violations;

   b. Failure to adequately train their officers in the proper methods to identify criminal suspects prior to seeking criminal complaints.

38. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT IV
## VIOLATION OF 42 U.S.C. §1983
### (PLAINTIFF DAWN PARKS V. DEFENDANT CITY OF WORCESTER)

39. Plaintiff realleges Paragraphs 1-38 above and incorporates said Paragraphs herein by this reference.

40. In violation of 42 U.S.C. §1983, Defendant, City of Worcester, through its acts and omissions, showed a deliberate indifference to Plaintiff's constitutional rights and caused Plaintiff to suffer a deprivation of her constitutional rights by:

   a. Failing to take advantage of easily available measures to ensure their officers did not engage in constitutional violations;

    b.    Failure to adequately train their officers in the proper methods to identify criminal suspects prior to making an arrest.

41. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT V
## VIOLATION OF M.G.L. CH. 12 §11I
(PLAINTIFF DAWN PARKS V. SERGEANT FONTAINE, INDIVIDUALLY)

42. Plaintiff realleges Paragraphs 1-41 above and incorporates said Paragraphs herein by this reference.

43. The acts of Defendant, Sergeant Fontaine, led to the interference of Plaintiff's exercise and enjoyment of rights secured by the Constitutions of the United States and Massachusetts in violation of M.G.L. c. 12 § 11I by means of intimidation and coercion.

44. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT VI
## VIOLATION OF M.G.L. CH. 12 §11I
(PLAINTIFF DAWN PARKS V. TOWN OF LEICESTER)

45. Plaintiff realleges Paragraphs 1-44 above and incorporates said Paragraphs herein by this reference.

46. The acts of Defendant, Sergeant Fontaine, led to the interference of Plaintiff's exercise and enjoyment of rights secured by the Constitutions of the United States and Massachusetts in violation of M.G.L. c. 12 § 11I by means of intimidation and coercion.

47. Defendant, Town of Leicester is liable to Plaintiff for violations of the Massachusetts Civil Rights Act committed by its employee Defendant Sergeant Fontaine; because:
    a. Defendant, Sergeant Fontaine, was acting within the scope of his employment at the time of the violations;
    b. In serving his employer, Defendant Sergeant Fontaine's actions caused harm to Plaintiff by means of intimidation and coercion;
    c. Such acts were authorized, expressly and/or implicitly, by Defendant Town of Leicester.

48. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT VII
## VIOLATION OF M.G.L. CH. 12 §11I
(PLAINTIFF DAWN PARKS V. OFFICER JOHN DOE, INDIVIUDALLY)

49. Plaintiff realleges Paragraphs 1-48 above and incorporates said Paragraphs herein by this reference.

50. The acts of Defendant, Officer John Doe, interfered with Plaintiff's exercise and enjoyment of rights secured by the Constitutions of the United States and Massachusetts in violation of M.G.L. c. 12 § 11I by means of intimidation, threats and coercion.

51. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT VIII
## VIOLATION OF M.G.L.CH. 12 §11I
### (PLAINTIFF DAWN PARKS V. CITY OF WORCESTER)

52. Plaintiff realleges Paragraphs 1-51 above and incorporates said Paragraphs herein by this reference.
53. The acts of Defendant, Officer John Doe, led to the interference of Plaintiff's exercise and enjoyment of rights secured by the Constitutions of the United States and Massachusetts in violation of M.G.L. c. 12 § 11I by means of intimidation and coercion.
54. Defendant, City of Worcester is liable to Plaintiff for violations of the Massachusetts Civil Rights Act committed by its employee Defendant Officer John Doe; because:
    a.  Defendant, Officer John Doe, was acting within the scope of his employment at the time of the violations;
      b.  In serving his employer, Defendant Officer John Doe's actions caused harm to Plaintiff by means of intimidation and coercion;
      c.  Such acts were authorized, expressly and/or implicitly, by Defendant City of Worcester.
55. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT IX
## NEGLIGENCE
### (PLAINTIFF DAWN PARKS V. SERGEANT FONTAINE, INDIVIDUALLY)

56. Plaintiff realleges Paragraphs 1-55 above and incorporates said Paragraphs herein by this reference.

57. Due to the negligence of Defendant Sergeant Fontaine, the Plaintiff suffered damages which include, but are not limited to bail fees, medical expenses, physical injury, and severe emotional distress.

## COUNT X
### NEGLIGENCE
### (PLAINTIFF DAWN PARKS V. TOWN OF LEICESTER)

58. Plaintiff realleges Paragraphs 1-57 above and incorporates said Paragraphs herein by this reference.
59. Defendant Town of Leicester is liable to Plaintiff Dawn Parks for negligence committed by its employee Defendant Sergeant Fontaine because Defendant Sergeant Fontaine was acting within the scope of his employment at the time of his negligence.
60. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT XI
### NEGLIGENCE
### (PLAINTIFF DAWN PARKS V. OFFICER JOHN DOE, INDIVIDUALLY)

61. Plaintiff realleges Paragraphs 1-60 above and incorporates said Paragraphs herein by this reference.
62. Due to the negligence of Defendant Officer John Doe, the Plaintiff suffered damages which include, but are not limited to bail fees, medical expenses, physical injury, and severe emotional distress.

## COUNT XII
## NEGLIGENCE
### (PLAINTIFF DAWN PARKS V. CITY OF WORCESTER)

63. Plaintiff realleges Paragraphs 1-62 above and incorporates said Paragraphs herein by this reference.
64. Defendant City of Worcester is liable to Plaintiff Dawn Parks for negligence committed by its employee Defendant Officer John Doe because Defendant Officer John Doe was acting within the scope of his employment at the time of his negligence.
65. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT XIII
## FALSE ARREST
### (PLAINTIFF DAWN PARKS V. OFFICER JOHN DOE, INDIVIDUALLY)

66. Plaintiff re-alleges Paragraphs 1-65 above and incorporates said Paragraphs herein by this reference.
67. Defendant Officer John Doe intentionally and unjustifiably arrested Plaintiff.
68. Defendant Officer John Doe restrained Plaintiff with the use of handcuffs.
69. Plaintiff was aware of her confinement by Defendant Officer John Doe.
70. Defendant, Officer John Doe, falsely arrested the Plaintiff, and the Plaintiff suffered damages as a result.
71. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT XIV
### FALSE IMPRISONMENT
(PLAINTIFF DAWN PARKS V. OFFICER JOHN DOE, INDIVIDUALLY)

72. Plaintiff re-alleges Paragraphs 1-71 above and incorporates said Paragraphs herein by this reference.
73. Defendant, Officer John Doe, falsely imprisoned the Plaintiff and the Plaintiff suffered damages as a result.
74. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT XV
### EMOTIONAL DISTRESS
(PLAINTIFF DAWN PARKS V. SERGEANT FONTAINE, INDIVIDUALLY)

75. Plaintiff realleges Paragraphs 1-74 above and incorporates said Paragraphs herein by this reference.
76. Defendant Sergeant Fontaine intended to inflict emotional distress on Plaintiff, or knew or should have known that emotional distress was likely to result from his acts which led to the false arrest and imprisonment of the Plaintiff.
77. Defendant Sergeant Fontaine's conduct was extreme and outrageous and Plaintiff has suffered severe emotional distress as a result of Defendant Sergeant Fontaine's intentional infliction of emotional distress.
78. Plaintiff has suffered and continues to suffer damages as a result of Defendant Sergeant Fontaine's intentional infliction of emotional distress.
79. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to medical expenses, physical injury, and severe emotional distress.

## COUNT XVI
### EMOTIONAL DISTRESS
(PLAINTIFF DAWN PARKS V. OFFICER JOHN DOE, INDIVIDUALLY)

80. Plaintiff realleges Paragraphs 1-79 above and incorporates said Paragraphs herein by this reference.

81. Defendant Officer John Doe intended to inflict emotional distress on Plaintiff, or knew or should have known that emotional distress was likely to result from the false arrest and imprisonment of Plaintiff.

82. Defendant Officer John Doe's conduct was extreme and outrageous and Plaintiff has suffered severe emotional distress as a result of Defendant Officer John Doe's intentional infliction of emotional distress.

83. Plaintiff has suffered and continues to suffer damages as a result of Defendant Officer John Doe's intentional infliction of emotional distress.

84. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to, medical expenses, physical injury, and severe emotional distress.

## COUNT XVII
### ASSAULT
(PLAINTIFF DAWN PARKS V. OFFICE JOHN DOE, INDIVIDUALLY)

85. Plaintiff realleges Paragraphs 1-84 above and incorporates said Paragraphs herein by this reference.

86. Defendant Officer John Doe intentionally placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact and intentionally used force amounting to harmful and offensive touching of Plaintiff.

87. Plaintiff has suffered damages as a result of Defendant Officer John Doe's actions.

88. Plaintiff sustained damages as a result of the events related above, said damages include, but are not limited to, medical expenses, physical injury, and severe emotional distress.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award:
1. Compensatory damages against all Defendants jointly and severally;
2. Punitive damages against all individual Defendants;
3. The cost of this action, including reasonable attorneys' fees and costs; and
4. Such other and further relief as this Court may deem necessary and appropriate.

### Jury Demand

The Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint and on each defense asserted by the Defendants.

> Respectfully submitted,
> Dawn Parks
> By her attorney,
>
> Joseph F. Lasorsa
> Attorney at Law
> BBO # 287640
> 260 Main Street
> Milford, MA 01757
> Telephone (508)478-3900
> Facsimile (508)634-3347
> E   joelasorsa@yahoo.com

Dated: May 24, 2010

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF WORCESTER | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) Dawn Parks | DEFENDANT(S) Town of Leicester, City of Worcester, Sergeant Joseph Fontaine, Individually, Officer John Doe, Individually | |

Plaintiff Atty: Joseph F. Lasorsa
Address: 260 Main Street
City: Milford   State: MA   Zip Code: 01757
Tel.: +1 (508) 478-3900   BBO#: 287,640

Type Defendant's Attorney Name
Defendant Atty:
Address:
City:   State:   Zip Code:

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?
E03 Claims Against Comm or Municipality - Average Track   (●) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................. $ 2900.00
   2. Total doctor expenses ................................... $
   3. Total chiropractic expenses ............................. $
   4. Total physical therapy expenses ......................... $
   5. Total other expenses (describe) ......................... $
                                                    Subtotal  $
B. Documented lost wages and compensation to date ............ $
C. Documented property damages to date ....................... $
D. Reasonably anticipated future medical expenses ............ $ 25,000
E. Reasonably anticipated lost wages and compensation to date  $
F. Other documented items of damages (describe) .............. $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff was falsely arrested and incarcerated due to mistaken identity. As a result, Plaintiff suffered severe emotional distress which required psychiatric treatment which is ongoing
                                                    Total $ 27,900.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                    TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Joseph F. Lasorsa_   Date: 5/21/2010
A.O.S.C. 3-2007